UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION and SONOCO-U.S. MILLS, INC. (formerly known as U.S. Paper Mills Corp.), <br><br> Defendants. | CIVIL ACTION NO. |

### COMPLAINT

The United States of America ("the United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency, and the State of Wisconsin (the "State"), by authority of the Attorney General of Wisconsin and through the undersigned attorneys, acting at the request of the Governor of Wisconsin and on behalf of the Secretary of the Wisconsin Department of Natural Resources pursuant to Wis. Stat. § 165.25(1), file this complaint and allege as follows:

STATEMENT OF THE CASE

1.  This is a civil action brought against Defendants NCR Corporation and Sonoco-U.S. Mills, Inc. (formerly known as U.S. Paper Mills Corp.) (the "Defendants") pursuant to Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and

Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607(a), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"). The United States and the State seek to recover certain unreimbursed costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances from facilities at and near the Lower Fox River and Green Bay Site in northeastern Wisconsin (hereinafter the "Site"). More specifically, the United States and the State seek to recover unreimbursed response costs associated with response activities relating to elevated concentrations of polychlorinated biphenyls in sediments in certain areas of Operable Unit 4 of the Site, along the west bank of the Lower Fox River, just downstream from the De Pere Dam (hereinafter the "Phase 1 Project Area"). The United States also seeks injunctive relief requiring that the Defendants take action to abate conditions at the Phase 1 Project Area that may present an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from the Phase 1 Project Area. Finally, the United States and the State seek a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that the Defendants are liable for any future response costs that the United States or the State may incur in connection with response actions that may be performed for the Phase 1 Project Area.

JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) and 113(e) of CERCLA, 42 U.S.C. §§ 9613(b) and 9613(e), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C.

§ 9613(b), and 28 U.S.C. § 1391(b) and (c) because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## GENERAL ALLEGATIONS

4. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. Defendant NCR Corporation is a past "owner" and/or "operator" – within the meaning of CERCLA Sections 101(20) and 107(a), 42 U.S.C. §§ 9601(20) and 9607(a) – of two paper production facilities located within the Fox River Valley, upstream from the Phase 1 Project Area.

6. Defendant Sonoco-U.S. Mills, Inc. (formerly known as U.S. Paper Mills Corp.) is a current and/or past "owner" and/or "operator" – within the meaning of CERCLA Sections 101(20) and 107(a), 42 U.S.C. §§ 9601(20) and 9607(a) – of two paper production facilities located within the Fox River Valley, one upstream from the Phase 1 Project Area and one near the Phase 1 Project Area.

7. Each of the paper production facilities owned and/or operated by the Defendants is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

8. The Site is a "facility" and the Phase 1 Project Area is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

9. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from the paper production facilities owned and/or operated by the Defendants and into the environment at and from the Phase 1 Project Area, within the

meaning of CERCLA Sections 101(14), 101(22), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a). More specifically, there have been "releases" and "threatened releases" of polychlorinated biphenyls, which are "hazardous substances," within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

10. The United States and the State have incurred "response costs" relating to the Phase 1 Project Area – within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25) – in responding to releases and threatened releases of hazardous substances from the paper production facilities owned and/or operated by the Defendants, and in responding to releases and threatened releases of hazardous substances into the environment at and from the Phase 1 Project Area.

11. The above-described response costs relating to the Phase 1 Project Area were incurred by the United States and the State in a manner not inconsistent with the National Contingency Plan, which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

12. Defendant NCR Corporation is: (i) a person who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2); and (ii) a person who by contract, agreement, or otherwise arranged for disposal or treatment of hazardous substances, or arranged with a transporter for disposal or treatment of hazardous substances, at a facility owned or operated by another party from which there were releases of hazardous substances, or threatened

- 4 -

releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(3), 42 U.S.C. Section 9607(a)(3).

13. Defendant Sonoco-U.S. Mills, Inc. is: (i) an owner and/or operator of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1); (ii) a person who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2); and (iii) a person who by contract, agreement, or otherwise arranged for disposal or treatment of hazardous substances, or arranged with a transporter for disposal or treatment of hazardous substances, at a facility owned or operated by another party from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(3), 42 U.S.C. Section 9607(a)(3).

FIRST CLAIM FOR RELIEF
(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

14. Paragraphs 1-13 are realleged and incorporated herein by reference.

15. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendants are jointly and severally liable to the United States for the following response costs incurred and to be incurred by the United States for the Phase 1 Project Area, as well as enforcement costs and prejudgment interest on such costs: (i) unreimbursed past response costs incurred in connection

with response activities addressing the Phase 1 Project Area; and (ii) all future costs of any response activities that may be performed for the Phase 1 Project Area.

SECOND CLAIM FOR RELIEF
(Cost Recovery by the State Under CERCLA Section 107, 42 U.S.C. § 9607)

16. Paragraphs 1-13 are realleged and incorporated herein by reference.

17. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendants are jointly and severally liable to the State for the following response costs incurred and to be incurred by the State for the Phase 1 Project Area, as well as enforcement costs and prejudgment interest on such costs: (i) unreimbursed past response costs incurred in connection with response activities addressing the Phase 1 Project Area; and (ii) all future costs of any response activities that may be performed for the Phase 1 Project Area.

THIRD CLAIM FOR RELIEF
(Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

18. Paragraphs 1-13 are realleged and incorporated herein by reference.

19. The United States Environmental Protection Agency has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from the Phase 1 Project Area.

20. Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), the Defendants are subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Phase 1 Project Area.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Wisconsin, respectfully request that this Court:

1. Enter judgment in favor of the United States and against the above-named Defendants, jointly and severally, for unreimbursed past response costs incurred in connection with response activities addressing the Phase 1 Project Area, including prejudgment interest on such costs;

2. Enter judgment in favor of the State and against the above-named Defendants, jointly and severally, for unreimbursed past response costs incurred in connection with response activities addressing the Phase 1 Project Area, including prejudgment interest on such costs;

3. Order the above-named Defendants to abate the conditions at the Phase 1 Project Area that may present an imminent and substantial endangerment to the public health or welfare or the environment;

4. Enter a declaratory judgment in favor of the United States and the State and against the above-named Defendants pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendants are jointly and severally liable for future costs of any response actions that may be performed for the Phase 1 Project Area;

5. Award the United States and the State their costs of this action; and

6. Grant such other and further relief as the Court deems just and proper.

For the United States of America

Date: 3/27/2006

*/s/ Sue Ellen Wooldridge*
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 3/27/2006

*/s/ Randall M. Stone*
RANDALL M. STONE, Senior Lawyer
JEFFREY A. SPECTOR, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1308


STEVEN M. BISKUPIC
United States Attorney


MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202

For the State of Wisconsin

*[signature]*

JERRY L. HANCOCK
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI  53702
(608) 266-1221

## CERTIFICATE OF SERVICE

Pursuant to Paragraphs 94 and 106 of the Consent Decree lodged with the Court on this date, I hereby certify that copies of the foregoing Complaint were served on this date by first-class mail, postage prepaid, upon the following individuals:

General Counsel
NCR Corporation
Law Department
1700 South Patterson Blvd.
Dayton, OH 45479

J. Andrew Schlickman
Sidley Austin LLP
1 South Dearborn Street
Chicago, IL 60603

Thomas R. Gottshall
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, SC 29201-3226

John M. Van Lieshout
Reinhart Boerner Van Deuren S.C.
1000 North Water Street, P.O. Box 2965
Milwaukee, WI 53201-2965

Wisconsin Department of Justice
Division of Legal Services
Environmental Protection Unit
P.O. Box 7857
Madison, WI 53707-7857

4/12/2006
Date

Randall M. Stone