UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
and the STATE OF WISCONSIN,

        Plaintiffs,

  v.

NCR CORPORATION and
SONOCO-U.S. MILLS, INC.
(formerly known as U.S. Paper Mills
Corp.),

        Defendants.

Case No. 2:06-cv-00484-JPS

The Honorable J.P. Stadtmueller

**Rule 7.4 Expedited Non-Dispositive Motion**

# PLAINTIFFS' UNOPPOSED MOTION TO REASSIGN THIS RELATED CASE TO THE HONORABLE LYNN ADELMAN

# PLAINTIFFS' UNOPPOSED MOTION TO REASSIGN THIS RELATED CASE TO THE HONORABLE LYNN ADELMAN

The United States of America and the State of Wisconsin (collectively, the "Plaintiffs"), by and through their undersigned attorneys, hereby move that the Court enter the accompanying proposed Order reassigning this case to the Honorable Lynn Adelman, based on Judge Adelman's familiarity with the matter from three earlier related cases. As envisioned by E.D. Wis. Civil L.R. 3.1, this case "arise[s] from substantially the same transaction or events" and it "involve[s] substantially the same parties or property" as those other cases assigned to Judge Adelman. The Defendants have informed the Plaintiffs that they do not oppose this motion. The Plaintiffs provide the following background information in support of their request to reassign this case to Judge Adelman:

1. On April 12, 2006, the United States filed a Complaint and lodged a proposed Consent Decree in this case under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675.

2. The proposed Consent Decree in this case is the latest in a series of partial settlements that the Plaintiffs have negotiated with parties alleged to be responsible under CERCLA for environmental cleanup and restoration at the Lower Fox River and Green Bay Site in northeastern Wisconsin (the "Site"). Sediments in the Lower Fox River and in Green Bay are contaminated with polychlorinated biphenyls ("PCBs") that were discharged in connection with the production and reprocessing of PCB-containing carbonless copy paper at multiple facilities in the Fox River Valley. The PCB cleanup and natural resource restoration work at the Site has begun, and it will continue for years, at an estimated total cost of hundreds of millions of dollars.

3. Pursuant to U.S. Department of Justice policy, the United States will publish notice of the lodging of the proposed Consent Decree in the Federal Register to commence a

thirty (30)-day public comment period. At the conclusion of the public comment period, the Plaintiffs will: (i) file with the Court any written comments received pertaining to the proposed Consent Decree; and (ii) either notify the Court of their withdrawal of the proposed Consent Decree, or respond to comments received and request this Court to approve and enter the proposed Consent Decree.

    4.    Judge Adelman has considered and approved Consent Decrees in three earlier cases relating to the Site:

    a.    A 2001 Consent Decree in <u>United States and the State of Wisconsin v. Appleton Papers Inc. and NCR Corporation</u>, Case No. 01-cv-0816 (E.D. Wis.) required two companies to provide up to $40 million for cleanup and natural resource restoration projects at the Site during the four-year term of that interim agreement. The Decree did not resolve the two companies' overall liability for the Site. In January 2006, Judge Adelman approved an agreed modification and one-year extension to that Decree, which will provide another $6 million for restoration projects and for preparation of formal progress report on the restoration work at the Site.

    b.    A 2004 Consent Decree in <u>United States and the State of Wisconsin v. Fort James Operating Company</u>, Case No. 02-cv-0602 (E.D. Wis.) resolved Fort James' liability for natural resource damages at the Site (but it did not resolve the company's liability for cleanup activities). Under the settlement, Fort James agreed to purchase and protect more than 1,000 acres of wetland and upland habitat in Wisconsin and pay an additional $8.5 million for other natural resource restoration projects. The United States received a substantial volume of public comments on that settlement, and Judge Adelman issued a written opinion approving the Decree in 2004. <u>United States v. Fort James Operating Company</u>, 313 F. Supp. 2d 902 (E.D. Wis. 2004). Fort James is continuing to perform natural resource restoration projects required under that Decree.

    c.    A 2004 Consent Decree in <u>United States and the State of Wisconsin v. P.H. Glatfelter Company and WTM I Co.</u>, Case No. 03-cv-0949 (E.D. Wis.) required two companies to remove and dispose of PCB-contaminated sediments in the uppermost segment of the River, at an estimated cost of $60 million. The Decree did not resolve those companies' liability for cleanup activities in downstream portions of the River, or their liability for natural resource damages. Once again, the United States received numerous public comments on that settlement, and Judge Adelman issued a written opinion approving the Decree. <u>United States v. P.H. Glatfelter Co.</u>, Case No. 03-cv-0949, slip op. (E.D. Wis. Apr. 12, 2004). Full-scale work under that settlement began last summer, and nearly 100,000 cubic yards of contaminated sediment was dredged from the upstream portion of the River by the end of the 2005 construction season. Cleanup work under that Decree is ongoing.

5. In this most recent case, the pending proposed Consent Decree with NCR Corporation and Sonoco-U.S. Mills, Inc. would require the Defendants to dredge and dispose of the most highly-contaminated sediments in the downstream portions of the River on an expedited basis, at an estimated cost of $30 million. Design activities for that project have already begun. The Defendants would start removing contaminated sediment from the downstream area addressed by the Decree by no later than May 1, 2007. The proposed Consent Decree would not resolve the Defendants' liability for additional cleanup work that will be required at the Site, or their liability for natural resource damages. If approved by the Court after the public comment period, the Consent Decree would conclude this case, although the Court would retain jurisdiction to oversee and enforce the Defendants' ongoing compliance with their obligations under the Decree.

6. The Plaintiffs understand that this case was randomly assigned – rather than being assigned to Judge Adelman as a related case – because the Clerk of Court's docketing system lists the earlier cases as "closed" since entry of the Consent Decrees.

## **CONCLUSION**

The Plaintiffs respectfully request that the Court enter the accompanying proposed Order reassigning this case to Judge Adelman because he has familiarity with the subject matter from three earlier cases. Like this case, each of those earlier cases was resolved by a Consent Decree that included a retention of the Court's jurisdiction to approve decree modifications and to oversee performance of pertinent environmental cleanup and natural restoration requirements relating to the Site. The Plaintiffs believe that it would be most efficient for Judge Adelman to continue in that role for all of the Court-approved settlements relating to the Site.

Respectfully submitted,

For the United States of America

SUE ELLEN WOOLRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated: April 24, 2006        *s/ Randall M. Stone*
RANDALL M. STONE, Senior Lawyer
JEFFREY A. SPECTOR, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-1308


STEVEN M. BISKUPIC
United States Attorney

MATTHEW V. RICHMOND
Assistant United States Attorney
Eastern District of Wisconsin
U.S. Courthouse and Federal Building - Room 530
517 E. Wisconsin Avenue
Milwaukee, WI 53202


For the State of Wisconsin

Dated: April 24, 2006        *s/ Jerry L. Hancock*
JERRY L. HANCOCK
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53702
(608) 266-1221

- 4 -

## CERTIFICATE OF SERVICE

Pursuant to Paragraphs 94 and 106 of the Consent Decree lodged with the Court on this date, I hereby certify that copies of the foregoing Unopposed Motion was served on this date by first-class mail, postage prepaid, upon the following individuals:

General Counsel
NCR Corporation
Law Department
1700 South Patterson Blvd.
Dayton, OH  45479

J. Andrew Schlickman
Sidley Austin LLP
1 South Dearborn Street
Chicago, IL  60603

Thomas R. Gottshall
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, 22nd Floor
Columbia, SC  29201-3226

John M. Van Lieshout
Reinhart Boerner Van Deuren S.C.
1000 North Water Street, P.O. Box 2965
Milwaukee, WI  53201-2965

Jerry L. Hancock
Wisconsin Department of Justice
Division of Legal Services
Environmental Protection Unit
P.O. Box 7857
Madison, WI  53707-7857


Dated:        April 24, 2006            *s/ Randall M. Stone*