**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA
and the STATE OF WISCONSIN,
        Plaintiffs,**

    v.                                                                  **Case No. 06-CV-00484**

**NCR CORPORATION
and SONOCO-U.S. MILLS, INC.
(formerly known as U.S. Paper Mills Corp.),
        Defendants.**

---

## ORDER ENTERING CONSENT DECREE

Plaintiffs, the United States and the State of Wisconsin, filed this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, alleging that defendants, NCR Corporation and Sonoco-U.S. Mills, Inc., are among the parties responsible for polychlorinated biphenyl ("PCB") contamination in a particular area at the Lower Fox River and Green Bay Site. The parties have entered into a proposed settlement relating to that area of the Site, captioned "Consent Decree for Performance of Phase 1 of the Remedial Action in Operable Units 2-5 of the Lower Fox River and Green Bay Site." Before me now is the United States' unopposed motion to enter the proposed consent decree.

As explained in the motion and the supporting brief, the decree would require the defendants to implement an initial phase of the cleanup remedy in an area that has been designated as the "Phase 1 Project Area." The Phase 1 Project Area is just downstream from the De Pere dam, along the west bank of the Lower Fox River, near the City of Green Bay. The United States Environmental Protection Agency and the Wisconsin Department of Natural Resources determined that the remedial action for the downstream portions of

the Site (designated as Operable Units 2-5) should be conducted in two phases to expedite the response in the Phase 1 Project Area. Phase 1 of the remedial action would address PCB-contaminated sediments in the Phase 1 Project Area, which have especially high PCB concentrations, and the accelerated removal of PCBs in that area would therefore have significant benefits to the environment and public health. All remaining elements of the remedial action would be implemented in Phase 2. Under the proposed consent decree, the defendants would be required to dredge PCB-contaminated sediments from the Phase 1 Project Area and to dispose of the dredged sediments in a landfill that complies with all applicable federal and state laws and regulations. The settlement would not resolve the defendants' potential liability for Phase 2 of the remedial action or for any other response activities or response costs relating to the Phase 1 Project Area or other areas of the Site.

The United States solicited public comment on the proposed consent decree in a notice published in the <u>Federal Register</u> and received two comments in response to that notice. Neither of the comments opposed entry of the consent decree. One comment expressed hope that the settlement will speed the Site cleanup. The other comment raised several questions that have been addressed in an exchange of correspondence with the commenter and in an agreed modification to consent decree appendix B.

The Court finds that the consent decree is fair, reasonable, and consistent with the purposes of CERCLA. As explained in the United States' brief, the settlement was the product of months of negotiations led by legal and technical representatives from the government agencies responsible for implementing and enforcing CERCLA. The settlement would advance the goals underlying CERCLA by providing for the prompt performance of an initial phase of the cleanup remedy in the Phase 1 Project Area.

For the reasons stated,

**IT IS ORDERED** that the United States' unopposed motion to enter the proposed consent decree is **GRANTED**, and the consent decree is hereby **APPROVED** and **ENTERED** with the agreed modification to consent decree appendix B that was attached at Tab C to the United States' brief in support of the motion.

Dated at Milwaukee, Wisconsin, this _____ day of _____ 2006.

<u>s/ Lynn Adelman</u>
LYNN ADELMAN
District Judge